Jesse Woodruff JONES,
Petitioner–Appellant,

v.

Leonard R. DUGGER, and Robert A. Butterworth, Respondents–Appellees.

No. 89–3202
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Nov. 22, 1989.

---

Jesse W. Jones, Daytona Beach, Fla., pro se.

Colin Campbell, Asst. Atty. Gen., Daytona Beach, Fla., for respondents-appellees.

Before VANCE and CLARK, Circuit Judges and HILL, Senior Circuit Judge.

PER CURIAM:

The appellant, Jesse Woodruff Jones ("Mr. Jones"), a Florida prisoner, has filed this habeas petition attacking his conviction, following a jury trial, for lewd and lascivious assault or act upon a four-year-old child. Mr. Jones' petition, in particular, challenges the trial court's admission of two matters, the first, a statement that the child gave to an investigating officer soon after the assault, the second, a videotaped interview the child made a few days later. The trial court evaluated the statements at a pretrial hearing and found them admissible. In this case, moreover, unlike many others, the child also testified at trial. She stated in court that Mr. Jones removed her underwear and pinched her in both places where she goes to the bathroom, thereby essentially corroborating the information she first gave in her out-of-court statements.

Mr. Jones now raises two points in this petition: (1) that the trial court erred by admitting hearsay evidence pursuant to section 90.803(23), Fla.Stat. (1987) [1] without

---

1. That section provides:
   HEARSAY EXCEPTION; STATEMENT OF CHILD VICTIM OF SEXUAL ABUSE OR SEXUAL OFFENSE AGAINST CHILD.—
   (a) Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by a child victim with a physical, mental, emotional or developmental age of 11 or less describ-

ing any act of sexual abuse, or any other unlawful sexual act, contact, intrusion, or penetration performed in the presence of, with, by or on the declarant child, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:
   (1) The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In

compliance with that statute's procedural safeguards, and (2) that his due process rights were violated when, without appellant's presence or knowledge, counsel requested, and the court agreed to, a jury instruction on an improper lesser offense.

■ We first address the issue of the hearsay evidence. In the instant case, as noted, Mr. Jones challenges the admissibility of both the statement to the officer and the videotaped interview. Specifically, he alleges that the court's use of hearsay evidence at trial violated his Sixth Amendment right to confront his accuser.

The Supreme Court has recognized that "the mission of the Confrontation Clause is to advance a practical concern for the accuracy of the truth-determining process in criminal trials by assuring that 'the trier of fact [has] a satisfactory basis for evaluating the truth of the prior statement.' (citation omitted)." *Dutton v. Evans*, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970). Every court, in other words, must balance the rights of the accused against the public's "strong interest in effective law enforcement." *Ohio v. Roberts*, 448 U.S. 56, 60, 100 S.Ct. 2531, 2538, 65 L.Ed.2d 597 (1980).

In the instant case, we perceive nothing in the conduct of Mr. Jones' trial that violated his Sixth Amendment right to confrontation. It is true that both courts and commentators have written a great deal on the subject of out-of-court statements, videotaped or otherwise, in the area of child molestation cases.[2] Most of these cases, in fact, have upheld the use of the child's prior out-of-court statements in order to protect the child from further trauma at trial. Those cases, however, have premised their decisions on the child's unavailability at trial. As the Ninth Circuit has noted:

> A traditional explanation for the exclusion of hearsay evidence is that it deprives the opposing party of the opportunity for cross-examination. The declarant is not present and thus cannot be cross-examined.

*NLRB v. First Termite Control Co.*, 646 F.2d 424, 426 (9th Cir.1981).

In this case, however, the victim was available at trial for cross-examination by

---

making its determination, the court may consider the mental and physical age of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim and any other factor deemed appropriate; and
(2) The child either:
(a) Testifies; or
(b) Is unavailable as a witness, provided there is other corroborative evidence of the abuse or offense. Unavailability shall include a finding by the court that the child's participation would result in a substantial likelihood of severe emotional or mental harm, in addition to the findings pursuant to s. 90.-804(1).
(b) In a criminal action, the defendant shall be notified no later than 10 days before the trial that a statement which qualifies as a hearsay exception pursuant to this subsection will be offered as evidence at trial. The notice shall include a written statement of the content of the child's statement, the time at which the statement was made, the circumstances surrounding the statement which indicate its reliability, and such other particulars as necessary to provide full disclosure of the statement.
(c) The court shall make specific findings of fact, on the record, as to the basis for its ruling under this subsection.

2. For further discussion of the problem of hearsay evidence in cases involving the abuse of children, *see Nelson v. Farrey*, 874 F.2d 1222, 1228–29 (7th Cir.1989) (testimony by psychologist about admissions made by four-year-old victim of alleged sexual assault was sufficiently reliable that its admission did not violate confrontation clause); *United States v. Dorian*, 803 F.2d 1439, 1443–46 (8th Cir.1986) (district court did not abuse its discretion in admitting testimony of foster mother concerning statements made by a five-year-old victim of sexual assault where five-year-old was unable to testify meaningfully because of her age and obvious fright); *United States v. Cree*, 778 F.2d 474, 478 (8th Cir.1985) (admission of hearsay testimony concerning statements four-year-old child abuse victim made to clinical social worker and government agent did not violate defendant's Sixth Amendment right to confront witnesses against her). *See also* "To Keep the Balance True: The case of *Coy v. Iowa*," 40 Hastings L.J. 437 (1989); "The Confrontation Clause and the Hearsay Rule" A problematic "Relationship in Need of a Practical Analysis," 14 Fla.St.U.L.Rev. 949 (1987), "The Use of Videotaped Testimony of Victims in Cases Involving Child Sexual Abuse: A Constitutional Dilemma," 14 Hofstra L.Rev. 261 (1985).

defense counsel. In *California v. Green,* 399 U.S. 149, 164, 90 S.Ct. 1930, 1938, 26 L.Ed.2d 489 (1970), moreover, the Supreme Court held that "the Confrontation Clause does *not* require excluding from evidence the prior statements of a witness who concedes making the statements, and who may be asked to defend or otherwise explain the inconsistency between the prior and his present version of the events in question, *thus opening himself to full cross-examination at trial as to both stories.*" (Emphasis supplied). The Court held, in short, that the right to cross-examine a witness "at the trial concerning his current and prior testimony satisfie[s] the commands of the Confrontation Clause." *Green,* 399 U.S. at 153, 90 S.Ct. at 1932.

We add one cautionary note. We do not intend by this decision to uphold the constitutionality of the Florida statute in every setting; we feel no obligation to posit other scenarios which might occur under Florida law. Our holding today is that the conduct of *this* trial fully preserved the appellant's Sixth Amendment right to confrontation; we perceive no error in the court's use of the challenged statements.

■ Mr. Jones also asserts that the trial proceedings violated his due process rights "when counsel requested and the court agreed to give a jury instruction on an improper lesser offense, without my presence or knowledge." He contends, in other words, that "lewd and lascivious assault or act upon a child," the offense for which he was ultimately convicted, is an improper lesser included offense of sexual battery, the offense for which he was originally charged.

We will dispose of this claim briefly. We note first that in *Ray v. State,* 403 So.2d 956 (Fla.1981), a jury convicted a defendant, charged with sexual battery, of lewd assault as a lesser offense. The Florida Supreme Court recognized that lewd assault was not a proper lesser offense of sexual battery, but held that the conviction could be upheld when "(1) the improperly

charged offense is lesser in degree and penalty than the main offense or (2) defense counsel requested the improper charge or relied on that charge as evidenced by argument to the jury or other affirmative action." *Ray,* 403 So.2d at 961.

The case before us now meets both of *Ray's* prerequisites. Lewd assault is a lesser offense in degree and penalty than sexual battery. Mr. Jones' counsel, moreover, requested an instruction on lewd assault as a strategic move, and referred to this lesser offense in his argument to the jury.

■ Mr. Jones also contends that he would have refused instructions on lesser offenses of the charged crime, yet the court invited him after trial to place on the record any objection to the handling of his case by either his counsel or the court itself. Mr. Jones replied that he was satisfied with the handling of his case.[3] We thus see no means by which Mr. Jones can now claim that the challenged instructions prejudiced him at trial. This court has held, moreover, that, improper jury instructions can never be the basis for federal habeas corpus relief unless the instruction rendered the whole trial so unfair as to amount to a denial of due process. *Carrizales v. Wainwright,* 699 F.2d 1053, 1055 (11th Cir.1983). We hold that Mr. Jones has failed to show that the challenged instructions rendered his trial fundamentally unfair.

The judgment of the district court is therefore

AFFIRMED.

---

**3.** A defendant has no federal constitutional right to attend a conference between the trial court and counsel to determine jury instructions. *See*

*United States v. Graves,* 669 F.2d 964 (5th Cir. 1982).