Charles Quinnon Fortner was convicted for the first degree sodomy of his five-year-old stepson and was sentenced to 25 years' imprisonment. He raises four issues on this appeal from that conviction.
 I.
The defendant was charged in a four-count indictment with: I — Child abuse as the result of committing sexual abuse in the first degree; II — Child abuse as the result of committing sodomy in the first degree; III — Sexual abuse in the first degree; and IV — Sodomy in the first degree.
At the close of the State's case, defense counsel moved for a judgment of acquittal "based on the State not making its case on *Page 583 
child abuse, sexual abuse, first degree and sodomy, first degree." This motion was denied.
At the close of the defendant's case, defense counsel "move[d] for a directed judgment of acquittal." The trial court granted this motion as to counts I and II.
 "THE COURT: . . . However, based on the evidence that I have heard since the last motion was [denied] the Court is going to grant the motion to dismiss Counts [I] and [II].
 "Counts I and II as I understand it charge child abuse. Counts III and IV charge — Count III charges sexual abuse and Count IV charges sodomy, first degree. Both of them in the first degree. The only evidence that has been presented of any sexual abuse, first degree or sodomy, first degree has been as a result of child abuse. There has been no other evidence indirectly to the contrary. So the Court is going to. . . . dismiss Counts I and II. That is child abuse.
 "I am going to grant your motion to dismiss Counts I and II.
"MR. DOSS [defense counsel]: All right."
The defendant now argues that the dismissal of Counts I and II was error because the elements required to establish a prima facie case under Counts I and II are identical to the elements required to establish a prima facie case under Counts III and IV. Therefore, because Count I was dismissed, Count III should also have been dismissed, and because Count II was dismissed, Count IV should also have been dismissed.
The record does not reveal exactly why the trial court dismissed Counts I and II. At any rate, the record contains no objection to the trial court's dismissal of the two counts of the indictment, and the State argues that the defendant has not obtained an adverse ruling. However, even if we assume that this issue was preserved for review and that the adverse ruling is in the fact that the trial court, while granting "half" of the defendant's motion for a judgment of acquittal, denied the other "half," and allowed Counts III and IV to go to the jury, we find no error. Since the jury acquitted the defendant of Count III, any error in not dismissing that count is harmless. An error in refusing to direct an acquittal as to one count is harmless where the jury acquits thereon. Treadwell v. State,168 Ala. 96, 99, 53 So. 290, 292 (1909). The trial court properly refused to dismiss Count IV because the State presented a prima facie case of first degree sodomy.
 II.
Ala. Code 1975, § 15-25-31, provides:
 "An out-of-court statement made by a child under twelve years of age at the time of the proceeding concerning an act that is a material element of any crime involving child sexual abuse, as defined in section 15-25-38 below, which statement is not otherwise admissible in evidence, is admissible in evidence in criminal proceedings, if the requirements of section 15-25-32 are met."
Section 15-25-32 provides:
 "An out-of-court statement may be admitted as provided in section 15-25-31, if:
 "(1) The child testifies at the proceeding, . . . and at the time of such testimony is subject to cross-examination about the out-of-court statements; or
 "(2) a. The child is found by the court to be unavailable to testify [based on one of certain enumerated grounds.]
". . . .
 "(b) The child's out-of-court statement is shown to the reasonable satisfaction of the court to possess particularized guarantees of trustworthiness."
 A.
The defendant argues that these statutes are unconstitutional where the child is available to testify. This argument is without merit. *Page 584 
In Idaho v. Wright, ___ U.S. ___, 110 S.Ct. 3139,111 L.Ed.2d 638 (1990), which involved a prosecution for the sexual abuse of children, the United States Supreme Court was called upon "to decide whether the admission at trial of certain hearsay statements made by a child declarant to an examining pediatrician violates a defendant's rights under the Confrontation Clause of the Sixth Amendment." ___ U.S. at ___,110 S.Ct. at 3143. In that case the child-witness did not testify. The Court held that the admission of the child's out-of-court statements violated the defendant's Confrontation Clause rights only because the prosecution did not prove the reliability of the statements. However, the Court noted that "we have in any event held that the Confrontation Clause does not erect a per se rule barring the admission of prior statements of a declarant who is unable to communicate to the jury at the time of trial". ___ U.S. at ___, 110 S.Ct. at 3151. The Court held that incriminating statements admissible under an exception to the hearsay rule are not admissible under the Confrontation Clause unless the prosecution 1) produces, or demonstrates the unavailability of, the declarant whose statement it wishes to use and 2) unless the statement bears an adequate "indicia of reliability."
 "In Ohio v. Roberts, [448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980),] we set forth 'a general approach' for determining when incriminating statements admissible under an exception to the hearsay rule also meet the requirements of the Confrontation Clause. 448 U.S. at 65, 100 S.Ct. at 2538. We noted that the Confrontation Clause 'operates in two separate ways to restrict the range of admissible hearsay.' Ibid.
'First, in conformance with the Framers' preference for face-to-face accusation, the Sixth Amendment establishes a rule of necessity. In the usual case . . ., the prosecution must either produce or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant.' Ibid. (citations omitted). Second, once a witness is shown to be unavailable, 'his statement is admissible only if it bears adequate "indicia of reliability." Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness.' Id., at 66, 100 S.Ct. at 2539 (footnote omitted). . . ."
Wright, ___ U.S. at ___, 110 S.Ct. at 3146. The "adequate indicia of reliability" requirement can "be met in either of two circumstances: where the hearsay statement 'falls within a firmly rooted hearsay exception,' or where it is supported by 'a showing of particularized guarantees of trustworthiness.' " ___ U.S. at ___, 110 S.Ct. at 3147. The particularized guarantees of trustworthiness "must be shown from the totality of the circumstances," and "the relevant circumstances include only those that surround the making of the statement and that render the declarant particularly worthy of belief." ___ U.S. at ___, 110 S.Ct. at 3149. The factors used to determine the trustworthiness guarantees must "relate to whether the child declarant was particularly likely to be telling the truth when the statement was made" and do not include corroborating evidence. ___ U.S. at ___, 110 S.Ct. at 3150. See also Ala. Code 1975, § 15-25-37. "To be admissible under the Confrontation Clause, hearsay evidence used to convict a defendant must possess indicia of reliability by virtue of its inherent trustworthiness, not by reference to other evidence at trial."Wright, ___ U.S. at ___, 110 S.Ct. at 3150.
For cases dealing with related issues see, Maryland v. Craig, ___ U.S. ___, ___, 110 S.Ct. 3157, 3164, 111 L.Ed.2d 666 (1990) ("we have repeatedly held that the [Confrontation] Clause permits, where necessary, the admission of certain hearsay statements against a defendant despite the defendant's inability to confront the declarant at trial"); Ex parteBrasher, 555 So.2d 192 (Ala. 1989) (introduction of videotaped deposition of child witness taken pursuant to § 15-25-2, did not violate defendant's right to confront his accuser); Exparte *Page 585 Strickland, 550 So.2d 1054 (Ala. 1989) (same).
Here, the defendant was not denied his constitutional rights of confrontation and cross-examination because the child testified at trial and was cross-examined by defense counsel at trial and because the prosecution proved the reliability and trustworthiness of the statements. Jones v. Dugger,888 F.2d 1340 (11th Cir. 1989), involved a prosecution for a sexual assault upon a four-year-old child. The federal court of appeals upheld the trial court's admission of the statement the child gave to an investigating officer soon after the assault and a videotaped interview the child made a few days after the assault. In that case, like the present one, the child also testified at trial. The court rejected the appellant's arguments that the admission of the out-of-court statements violated his rights under the Confrontation Clause:
 "In this case, however, the victim was available at trial for cross-examination by defense counsel. In California v. Green, 399 U.S. 149, 164, 90 S.Ct. 1930, 1938, 26 L.Ed.2d 489 (1970), moreover, the Supreme Court held that 'the Confrontation Clause does not require excluding from evidence the prior statements of a witness who concedes making the statements, and who may be asked to defend or otherwise explain the inconsistency between the prior and his present version of the events in question, thus opening himself to full cross-examination at trial as to both stories.' (Emphasis supplied). The Court held, in short, that the right to cross-examine a witness 'at the trial concerning his current and prior testimony satisfie[s] the commands of the Confrontation Clause.' Green, 399 U.S. at 153, 90 S.Ct. at 1932."
Jones, 888 F.2d at 1342-43.
We reject the defendant's argument that § 15-25-31 violates the Confrontation Clause found in Art. I, § 6 of the Alabama Constitution of 1901. "The constitutional right of an accused to be confronted with the witnesses against him, however, does not preclude the reception of testimonial statements against him under the common law or statutory exceptions to the hearsay rule." C. Gamble, McElroy's Alabama Evidence, § 242.01(1) (3d ed. 1977) and cases cited at n. 7.
 B.
The defendant argues that the victim's out-of-court statements were not admissible under § 15-25-31 because "the alleged acts were not conclusively established as having occurred after the effective date of said act." Appellant's brief at 22.
The trial court conducted a lengthy hearing on the admissibility of the victim's out-of-court statements. At this hearing the victim and the five witnesses who testified to these statements were extensively examined and cross-examined. At the conclusion of this hearing the trial court stated:
 "So far as the Court can determine from the evidence it appears that all of the evidence indicates that the acts complained of in this case occurred after that date. Therefore, this Act would have application to this case. That is the evidence that is before this court as this time."
The Child Sexual Abuse Victim Protection Act of 1989 (codified at Ala. Code §§ 15-25-30 through 15-25-40 (Supp. 1990) became effective on May 17, 1989. Act. No. 89-876 (1989 Ala. Acts). Rebecca Leps, a social worker for the Department of Human Resources, first interviewed the victim on July 20, 1989, about events that occurred in June and July of that same year. Robert Whittley, a counselor-therapist at the mental health center in Cullman, Alabama, first interviewed the victim on August 2, 1989. He testified that it "was difficult" to fix the time of the abuse and that the victim indicated "[o]nly that it happened in the past. It happened awhile back." C.B.R., the victim's grandmother, testified that the victim first complained to her during the third week in June of 1989. She testified, "I asked [the victim] when this had happened and he just said a few days ago." During the week of July 16, 1989, the victim made another complaint to C.B.R. about an incident of sexual abuse *Page 586 
which had occurred "last week." G.V., the victim's great-great aunt, testified that she had a conversation with the victim during the first week of June. She stated that the victim told her that he had been sexually abused "just a few days before [she] got there." G.V. arrived at the residence during the last week of July 1989. A.H., the victim's great aunt, testified that she had a conversation with the victim during the first week of September 1989 in which the victim complained of the sexual abuse by his stepfather.
Although there is evidence to indicate that the child may have been sexually abused by his stepfather before May 17, 1989, there is also abundant evidence that the child was sodomized after May 17, 1989, the effective date of § 15-25-31. Because the State proved that the act for which the defendant was convicted and the victim's out-of-court statements all occurred after the effective date of the Child Sexual Abuse Victim Protection Act, we find that § 15-25-31 was properly applied. "Absent a clear expression in the Statute to the contrary, we think the law applicable at the time of the offense was intended to govern the offense, the offender, and all proceedings incident thereto, and we so hold." Bracewell v.State, 401 So.2d 123, 124 (Ala. 1979). Cf. Griffin v. State,352 So.2d 847, 851 (Ala. 1977) ("[W]here the offense is continuous, the statute of limitations does not apply where some portion of the crime is within the period, although another portion thereof is not.").
 C.
Ala. Code 1975, § 15-25-35, provides:
 "The proponent of the statement must inform the adverse party of the opponent's intention to offer the statement and the content of the statement sufficiently in advance of the proceeding to provide the defendant with a fair opportunity to prepare a response to the statement before the proceeding at which it is offered."
The defendant argues that the record does not show that the State gave such notice. We reject this contention.
The record shows that the jury was selected and the State's first witness, Ms. Leps, began her testimony on December 11, 1989. Later that day, the jury was dismissed and the hearing on the admissibility of the victim's out-of-court statements was begun. The record does not show what, if anything, occurred on December 12, and from the record, this Court cannot determine whether the December 11 date was a typographical error that should have been December 12th. At any rate, the record does show that the hearing continued on December 13 and that at the beginning of that hearing defense counsel filed in open court a "motion for denial of admission of all out-of-court statements." At no time did defense counsel request a continuance or object to the alleged failure of the State to give the notice required by § 15-25-35. Therefore, this issue has not been preserved for review. Furthermore, because a lengthy hearing was held on the admissibility of the out-of-court statements before they were offered, because it appears that defense counsel was sufficiently prepared to oppose the admission of the statements, and because counsel did, in fact, file a written motion to suppress the statements before they were introduced into evidence, we find that the defendant had notice adequate to allow him "a fair opportunity to prepare a response to the statement[s]."
 D.
Ala. Code 1975, § 15-25-36, provides:
 "The court shall inform the jury that the out of court statement was taken without the defendant being afforded cross examination of such out of court statement."
The trial court gave the jury instructions to this effect after the testimony of Ms. Leps and C.B.R., the first witnesses to testify after the hearing in the presence of the jury. However, the trial court did not give such instructions after the testimony of *Page 587 
witnesses A.H., G.V., and Robert Whittley, who testified in that order after Leps and C.B.R. There was no request that the trial court instruct the jury with regard to these last three witnesses, and no objection to its failure to do so. Therefore, we do not consider preserved for review the defendant's argument on appeal that § 15-25-36 requires the trial court to inform the jury that the defendant was not afforded cross-examination upon the admission of each out-of-court statement and again during jury instructions.
Furthermore, in its oral instructions to the jury after both sides had rested, the trial court stated:
 "Ladies and gentlemen, I charge you that certain statements allegedly made by [the victim] out of court constitute hearsay testimony. Now, these alleged statements concerning the defendant were given without the defendant being present and without the defendant being afforded the right to cross examine these alleged out of court statements when they were allegedly made. Now, these statements were admitted into evidence pursuant to a special rule and they must be considered by you in this light. You may disregard these alleged statements or you may give these alleged statements what weight or credit, if any, that you feel that they should have, keeping in mind that these are out of court alleged statements concerning the defendant which were given without the defendant being afforded the right to be present when these alleged statements were allegedly made."
This instruction is highly favorable to the defendant and constitutes more than sufficient compliance with § 15-25-36.
 III.
The defendant argues that he was denied his constitutional right to the effective assistance of counsel because trial counsel failed to strike a veniremember for cause, was unable to establish a proper predicate for the admission of evidence, made untimely objections, and failed to make certain other objections. Although new counsel was appointed to represent the defendant on appeal before the time for the filing of a motion for new trial had expired, this issue was not presented to the trial court. " '[T]he now settled rule [is] that claims of ineffective assistance of counsel may not be considered for the first time on direct appeal.' " Jackson v. State,534 So.2d 689, 692 (Ala.Cr.App. 1988) (quoting United States v. Stitzer,785 F.2d 1506, 1520 (11th Cir.), cert. denied, 479 U.S. 823,107 S.Ct. 93, 93 L.Ed.2d 44 (1986)).
This Court "has authority to remand a case, if it determinesjustice would require it, to the trial court for a determination to be made on the defendant's claim that he was inadequately represented at his trial." Thompson v. State,525 So.2d 820, 831 (Ala. 1985) (emphasis in original). Our review of the record fails to convince this Court that this is such a case.
 IV.
The defendant argues that he was denied a fundamentally fair trial "by the cumulative effect of the errors previously discussed." Appellant's brief at 27. There was no motion for new trial, and obviously this issue has not been preserved for review by objection in the trial court.
Furthermore, after reviewing the record, this Court is convinced that the defendant received a fair trial, and his conviction is due to be affirmed.
AFFIRMED.
All Judges concur.