Robert Dale Long was indicted for the offense of first degree sodomy, in violation of § 13A-6-63, Code of Alabama 1975. The jury found Long guilty as charged in the indictment, and the court sentenced Long to 25 years' imprisonment in the State penitentiary. Five issues are raised on appeal.
 I
Long contends that the trial court committed reversible error in denying his motion for continuance based on the State's alleged failure to comply with § 15-25-35, Code of Alabama 1975.
Section 15-25-35 provides that before an out-of-court statement made by a child under 12 years of age concerning an act that is a material element if any crime involving child abuse may be admissible in a criminal proceeding, "[T]he proponent of the statement must inform the adverse party of the opponent's intention to offer the statement and the content of the statement sufficiently in advance of the proceeding to provide the defendant with a fair opportunity to prepare a response to the statement from the proceeding at which it is offered."
In the case sub judice, defense counsel was informed on October 1, 1991, that the prosecution intended to introduce an out-of-court statement of the 10-year-old victim. Long's trial commenced on October 3, 1991.
A motion for continuance is addressed to the sound discretion of the trial judge, and the exercise of that discretion will not be disturbed unless clearly abused. Sparks v. State,450 So.2d 188 (Ala.Cr.App. 1984).
In Fortner v. State, 582 So.2d 581, 586 (Ala.Cr.App. 1990),cert. denied, 582 So.2d 587 (Ala. 1991), this court held that where the hearing on the admissibility of the victim's out-of-court statements began on the jury selection date of December 11, 1989, and where defense counsel filed a motion for denial of admission of these statements on December 13, 1989, the defendant had adequate notice to allow him a fair opportunity to respond to the statements.
We likewise hold in this case that where defense counsel had three days to prepare a response to the admission of the out-of-court statement of the victim, the trial court did not abuse its discretion in denying Long's motion for continuance.
 II
Long contends that the trial court erred in denying his motion to suppress the testimony of the sodomy victim, who was mentally retarded.
Section 15-25-3(c), Code of Alabama 1975, provides:
 "(c) Notwithstanding any other provision of law or rule of evidence, a child victim of sexual abuse or sexual exploitation, *Page 445 
shall be considered a competent witness and shall be allowed to testify without prior qualification in any judicial proceeding. The trier of fact shall be permitted to determine the weight and credibility to be given to the testimony. The court may also allow leading questions of such child witnesses in the interest of justice."
In Hewlett v. State, 520 So.2d 200 (Ala.Cr.App. 1987), this court held that under § 15-25-3(c), it is not even necessary for the trial court to examine the witness to determine his capacity to testify. Nevertheless, where the witness was examined before direct examination to be certain the witness understood the obligation to tell the truth while testifying, this court held that no error was committed in allowing the victim to testify. Id. at 203.
The record reveals that the trial court in this case examined the 10-year-old victim at length before direct examination to be certain the victim understood his obligation to tell the truth while testifying. The victim testified that he was 10 years old, that he sometimes went to church, that he knew who God was, and that he understood the difference between telling the truth and not telling the truth. The victim further promised that he would tell the truth in court and that he would inform the trial court if he did not understand a question. During questioning by defense counsel, the victim testified that he knew what a lie was and that he would get in trouble if he told a lie. The trial court then ruled that the victim was competent to testify.
We therefore hold that under the broad mandate of §15-25-3(c), the trial court properly denied Long's motion to suppress the testimony of the 10-year-old victim in this case where the victim was examined at length prior to direct examination to be certain that he understood the obligation to tell the truth while testifying.
 III
Long contends that the trial court erred in denying his motion for mistrial on the ground that the court examined the victim in front of the jury to determine his capacity to testify before the State's examination of the victim.
This court has consistently held that the trial court has considerable discretion in the conduct of a trial, and unless clearly abused, its decision in exercising that discretion will not be overturned on appeal. Burkett v. State, 439 So.2d 737
(Ala.Cr.App. 1983).
In the instant case, there is nothing in the record to support a finding that the trial court clearly abused its discretion in questioning the victim in front of the jury before the State's examination of the victim, and the court's questions to the victim did not in any manner indicate favor or disfavor toward the witness. The trial court therefore properly denied Long's motion for mistrial on this ground.
 IV
Long contends that the trial court committed reversible error in denying his motion for a judgment of acquittal and motion for new trial based on the prosecution's failure to prove a prima facie case of first degree sodomy.
Section 13A-6-63(a), Code of Alabama 1975, defines the crime of first degree sodomy, in pertinent part, as follows:
 "(a) A person commits the crime of sodomy in the first degree if:
 "(1) He engages in deviate sexual intercourse with another person by forcible compulsion; or
 "2) He engages in deviate sexual intercourse with a person who is incapable of consent by reason of being physically helpless or mentally incapacitated; or
 "(3) He, being 16 years old or older, engages in deviate sexual intercourse with a person who is less than 12 years old."
In cases challenging the sufficiency of the evidence, an appellate court must consider the evidence in the light most favorable to the prosecution, and the appellate court will not substitute its judgment for that of the trier of fact.Brandon v. State, 542 So.2d 1316 (Ala.Cr.App. 1989). *Page 446 
Conflicting evidence, moreover, always presents a jury question, and a verdict rendered thereon will not be disturbed on appeal. Ogle v. State, 548 So.2d 499 (Ala.Cr.App. 1989).
During the State's case-in-chief, the victim testified that Long made him go into the woods where Long "put a stick up [the victim's] butt" and where Long made the victim "suck [Long's] dick."
The victim's mother also testified that on the night of the crime, the victim came running to their house trailer and that he "was all tore, up, squalling, shaking." His mother further testified that the victim told her that Long and James Miller had pulled the victim's pants down "playing with his dick." His mother also stated that the victim told her that Long and Miller "made him pull his britches down and suck their dicks." The mother's testimony established that Long was over the age of 16 and that her son was under the age of 12.
Margaret Walker, the Alabama Department of Human Resources employee who investigated this report, testified that the victim told her that Long, James Miller, and another man made him "suck their dicks."
The evidence at trial, when viewed in the light most favorable to the State, established Long's guilt beyond a reasonable doubt and is more than sufficient to sustain a finding that Long committed the offense of first degree sodomy. The trial court thus properly denied Long's motion for a judgment of acquittal and motion for new trial on this ground.
 V
Long contends that the trial court committed reversible error in allowing Margaret Walker, the DHR investigator, to testify that in her professional opinion, young children were not likely to fabricate episodes of sexual abuse.
"To qualify as an expert, the witness must have such knowledge, skill, experience or training as that his opinion will be considered in reason as giving the trier of fact light upon the question to be determined. The question of whether or not a particular witness will be allowed to testify as an expert is largely discretionary with the trial court, whose decision will not be disturbed on appeal except for palpable abuse." G. Gamble, McElroy's Alabama Evidence § 127.01(5)(b) (4th ed. 1991).
Prior to the admission of the testimony at issue, Ms. Walker stated that she had had specific instruction and training as to the likelihood of sexually abused children lying about what had happened to them.
We hold that the trial court did not abuse its discretion in allowing Ms. Walker to testify as an expert in the area of the sexual abuse of children and in allowing her to render her professional opinion as to the likelihood of young children fabricating episodes of sexual abuse. See Inmon v. State,585 So.2d 261, 266-267 (Ala.Cr.App. 1991).
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
PATTERSON, TAYLOR, McMILLAN and MONTIEL, JJ., concur.
BOWEN, J., concurs in result only.