McMillan, judge.
The appellant was convicted of sexual abuse in the first degree. The victim was a child, who was three years old at the time of the offense. He was sentenced to four years’ imprisonment. Pursuant to § 15-18-8, Code of Alabama 1975, he was ordered to serve 12 months in the Russell County jail and the balance of his sentence was suspended and he was placed on 3 years’ probation. He was further ordered to pay $665 restitution for medical treatment and counseling for the victim and to pay $100 to the crime victim’s compensation and to pay court costs.
I
The appellant argues that the trial court erred by failing to require the State to comply with the provisions of “The Child Sexual Abuse Victim Protection Act of 1989,” codified at § 15-25-31 through § 15-25-40, Code of Alabama 1975. Specifically, the appellant argues that testimony from two witnesses concerning the victim’s complaint was improperly admitted, because, he says, the prosecutor did not comply with § 15-25-35, Code of Alabama 1975, which requires the State to give the appellant notice of its intent to offer a statement by the victim and to inform the appellant of the content of that statement. He alleges that the State used a statement made by the victim during a videotaped deposition, but did not notify him before that deposition of its intent to use the statement. The witnesses’ testimony mirrored that given by the victim in her videotaped statement. The trial court allowed this videotaped deposition of the victim, who was four years old at the time of trial, into evidence. The videotaped deposition was taken in the presence of the appellant and his attorney, who thoroughly cross-examined the victim at that time. Section 15-25-31 allows an out-of-court statement by a child under the age of 12, concerning an act that is a material element of any crime involving child sexual abuse to be admitted into evidence, under certain circumstances, one of which is that the statement is made in a videotaped deposition and is subject to cross-examination about the out-of-court statement. § 15-25-32.
The State correctly notes that the instant situation of allowing the admission of the videotaped testimony of the child victim is covered by § 15-25-32(1) and not § 15-25-32(2). These subsections were clearly intended by the legislature to be alternatives, as indicated by the use of the word “or” at the end of subsection (1). Section 15-25-32 states that an out-of-court statement of a victim can be admitted in two situations: where the victim testified by means of a videotaped deposition or closed circuit television and was subject to cross-examination concerning his or her out-of-court statements (subsection 1), or where the child is unavailable, i.e., the child is dead, the defendant has intentionally removed the child from the court’s jurisdiction, the child has suffered a total failure of memory, the child is physically or mentally disabled, the child is incompetent, or the child would most probably suffer severe emotional trauma from testifying at *131 the proceeding (subsection 2). Although § 15-25-33 and § 15-25-34 do not explicitly state that they apply only to subsection (2), this is clearly the case, as § 15-25-33 deals with expert testimony supporting the unavailability of the child to testify, and § 15-25-34 deals with corroborative evidence as a prerequisite to the admission of a statement where the child victim is unavailable. Section 15-25-35, which addresses the required notice to the adverse party, also does not state that it applies only to subsection (2); however, this is clearly the legislature’s intent, because § 15-25-35 provides that notice of the out-of-court statement and its content is required in order “to provide the defendant with a fair opportunity to prepare a response to the statement before the proceeding at which it is offered.” Because § 15-25-32(1) contemplates a situation where the child’s testimony was already subject to cross-examination by the defendant, this requirement of providing the defendant notice and an opportunity to be made aware of the content of the statement is inapplicable. Clearly, because the appellant was present and cross-examined the victim at the pretrial deposition, he had adequate notice of the content of the victim’s statement before the proceedings at which it was being offered. Cf. eases in which child victim’s statement was admissible pursuant to § 15-25-32(2), but notice was held sufficient; e.g., Fortner v. State, 582 So.2d 581, 586 (Ala.Cr.App. 1990), cert. denied, 582 So.2d 587 (Ala.1991) (hearing on admissibility of victim’s statements began on jury selection date and defense counsel moved for denial of admission of these statements two days thereafter); Long v. State, 611 So.2d 443, 444 (Ala.Cr. App.1992) (appellant had three days to prepare a response to the admission of the victim’s out-of-court statement); Dilbeck v. State, 594 So.2d 168, 171-72 (Ala.Cr.App. 1991) (wherein the hearing to determine whether the child victim was unavailable was held four days before the trial and the appellants were able to cross-examine the witnesses at that hearing, thus giving them adequate notice).
II
The appellant argues that the trial court abused its discretion in allowing the videotape of the victim’s deposition to be taken to the jury room. Pursuant to § 12-16-14, Code of Alabama 1975, “[a]ll instruments of evidence and depositions read to the jury may be taken out by them on their retirement.” Moreover, real or demonstrative evidence may properly go before the jury during its deliberations, even where it has not been formally introduced into evidence but has been used only in connection with the giving of testimony. Jolly v. State, 405 So.2d 76, 77 (Ala.Cr.App.1981); Richardson v. State, 508 So.2d 289, 294-95 (Ala.Cr. App.1987), writ denied, 508 So.2d 295 (Ala. 1987); Maddox v. State, 520 So.2d 143, 152-54 (Ala.Cr.App.1986).
“It is the customary, almost invariable, Alabama trial court practice to permit the jury, on their retirement to deliberate on the case, to take with them to the jury room a writing or article which has been introduced in evidence.
“The Alabama Code provides that: ‘All instruments of evidence, and depositions read to the jury, may be taken out by them on retirement.’ This statute has been interpreted as not requiring ordinarily that an introduced document be taken to the jury room but, rather, as investing the trial court with measurable discretion to allow or disallow the document to go to the jury room. It has been held, for example, that the trial judge has the discretion in most instances to allow or disallow a deposition, a showing for an absent witness, the written testimony given before a committing magistrate of a now unable "witness, or a letter from the deceased in a homicide trial, to be taken by the jury on retirement.
“The question of whether an item of evidence will go to the jury room is largely left to the discretion of the trial judge.”
C. Gamble, McElroy’s Alabama Evidence (3d ed. 1977), § 10.04.
In the present case, the trial court did not abuse its discretion in allowing the videotaped deposition of the absent child victim, *132 which was properly admitted at trial, to be taken by the jury into the jury room.
AFFIRMED.
PATTERSON and MONTIEL, JJ., concur.
BOWEN, P.J., and TAYLOR, J., concur in result only, with opinion by BOWEN, P.J.