[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 2, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15335
Non-Argument Calendar

_____

D. C. Docket No. 06-00287-CV-T-17-MAP

DANIEL RAY ERICKSON,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 2, 2007)

Before ANDERSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Daniel Ray Erickson, a Florida inmate proceeding <u>pro se</u>, appeals the district court's denial of his petition under 28 U.S.C. § 2254 for a writ of habeas corpus. On appeal, Erickson challenges the state court's jurisdiction and jury instructions. For the reasons set forth below, we affirm.

**I.**

This appeal involves three cases adjudicated in Florida state court. In the first case, No. 02–287, Erickson was convicted by a jury on December 16, 2003, for failing to register as a sex offender in Hernando County, Florida between September 19, 2001 and February 13, 2002, in violation of the Florida Sexual Predator Act §§ 775.21(d), 943.0435(2), (9). In the second case, No. 02–1930, Erickson was charged with one count of submission of false voter registration and eight counts of casting a fraudulent vote. Those charges stemmed from Erickson's voting activities while he was a convicted sex offender whose right to vote had not been restored. He pleaded nolo contendre to and was convicted of all of the charges in the second case.

In the third case, No. 02–1103, Erickson was again charged with violating the FSPA by failing to register as a convicted sex offender in Hernando County, Florida, this time from July 8, 2002 through November 20, 2002. He pleaded guilty to and was convicted of the charge in the third case.

2

On January 12, 2004, the state court sentenced Erickson to 32.55 months imprisonment for the charges in the second case (the charges related to his voting activities) and 65.85 months imprisonment for the charges in the first and third cases (the charges for failing to register as a sex offender). Pursuant to his plea agreement, Erickson received concurrent sentences. As part of the plea agreement Erickson agreed to waive his right to appeal his conviction in any of the three cases, but he appealed all of them anyway. His three convictions and his sentences were affirmed in an unpublished per curiam opinion on February 14, 2006. See Erickson v. State, 924 So. 2d 824 (Fla. 5th DCA 2006) (unpublished table decision).

After his convictions were affirmed, Erickson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his § 2254 petition, Erickson raised twelve issues, and the district court denied his petition as to all twelve issues. Erickson appealed, and we granted a certificate of appealability on the following issues:

(A) Whether, in reference to State Case No. 02-287, the district court erred in concluding that the following claims did not raise any federal claim for habeas relief:

    (1) Application of the statute of limitations violated appellant's due process and speedy trial rights;

    (2) Florida's Sex Offender Registration Act violates

due process for failing to provide a procedure for designating a defendant a sex offender;

    (3)    The jury instructions regarding the Sex Offender Registration Act unconstitutionally expanded the trial court's jurisdiction in violation of due process;

(B)    If the district court erred in concluding that claim A(1) failed to state a federal habeas claim, the parties should address whether the district court additionally erred in concluding that the appellant was procedurally barred from bringing the claim;

(C)    If the district court erred in concluding that claim A(2) failed to state a federal habeas claim, the parties should address whether the district court additionally erred in concluding that the appellant waived this claim as to State Case No. 02-1130 by virtue of his guilty plea when the state appeals court, notwithstanding the plea, considered and denied the merits of the claim;

(D)    Whether, as to State Case No. 02-1130, the district court erred in concluding that the appellant's collateral estoppel claim, stemming from the Double Jeopardy Clause, did not state a claim under federal law; if so, whether the district court erred in alternatively concluding that appellant's guilty plea waived such claim when the state appeals court, notwithstanding the plea, considered and denied the merits of the claim.

## II.

We review the district court's denial of habeas corpus relief de novo, and its findings of fact for clear error. Pruitt v. Jones, 348 F.3d 1355, 1356 (11th Cir. 2003). Under 28 U.S.C. § 2254(d), a federal court may not grant habeas relief on claims that were previously adjudicated in state court, unless the adjudication

4

"resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  A state court's decision is contrary to clearly established Federal law if the state court: (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law; or (2) decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  Ventura v. Att'y Gen., Fla.,  419 F.3d 1269, 1280–81 (11th Cir. 2005).  Additionally, the AEDPA provides:  "a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

Federal habeas relief is available to correct only those injuries resulting from violations of the Constitution or laws or treaties of the United States.  28 U.S.C.A. § 2254(a).  "The writ of habeas corpus was not enacted to enforce State-created rights."  Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000) (citation and quotation marks omitted).

## A.

The first issue in the COA is whether the district court erred in concluding

5

that Erickson's claim that the application of the statute of limitations violated his due process and speedy trial rights did not raise a federal claim for federal habeas relief under 28 U.S.C. § 2254(d). According to the state's charging information in the first case, Erickson was charged with violating the Florida Sexual Predator Act. Fla. Stat. §§ 771.21(5)(d), 943.0435(2), (9). The relevant portion of § 775.21(5)(d) reads as follows:

> A person who establishes or maintains a residence in [Florida] and who has not been designated as a sexual predator by a [Florida] court . . . but who has been designated as a sexual predator, as a sexually violent predator, or by another sexual offender designation in another state or jurisdiction and was, as a result of such designation, subjected to registration or community or public notification, or both, or would be if the person was a resident of that state or jurisdiction . . . shall register in the manner provided in [§] 943.0435.

According to Fla. Stat. § 943.0435(2), a sexual offender must register with the sheriff's office in the county in which he establishes a permanent residence within 48 hours of establishing that residence. Under Fla. Stat. § 943.0435(9), "a sexual offender who does not comply with the requirements of this section commits a felony of the third degree." A felony of the third degree has a statute of limitations of three years. Fla. Stat. § 775.15(1)(b).

Erickson contends that his violation of § 771.21(5)(d) began, at the latest, 48 hours after Florida's sexual predator law became effective on October 1, 1997. He therefore argues that the three-year statute of limitations expired on October 3,

6

2000. However, the state court construed the statute as a continuous offense, with the statute of limitations period beginning after the violation was completed. According to Erickson, the state court's construction of Fla. Stat. § 775.21(5)(d) was incorrect because it does not contain the word "continuous," and the errant construction by the court violated (1) his right to due process by expanding the court's jurisdiction, (2) the ex post fact clause, and (3) his right to a speedy trial.

However, "[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." McCullough v. Singletary, 967 F.2d 530, 535 (11th Cir. 1992). "Federal courts entertaining petitions for writs of habeas corpus must follow the state court's interpretation of a state law absent a constitutional violation." Hunt v. Tucker, 93 F.3d 735, 737 (11th Cir. 1996). We conclude that Erickson has not met his burden to show that the Florida court's construction of a Florida statute violated his federal right to due process. Likewise, because the statute of limitations had not expired when he was charged, the state did not violate Erickson's right to a speedy trial or the United States Constitution's prohibition of ex post facto laws.

B.

The next issue is whether the district court erred in finding that Erickson failed to state a claim for federal habeas relief when he argued that Florida's Sex

7

Offender Registration Act (SORA) violates due process because it allegedly does not provide a procedure for designating a person as a sex offender. According to Erickson, before a person becomes subject to the Act's registration requirements, that person must be ordered to register by a Florida court.

Erickson is apparently confusing the statute under which he was convicted in the first case. He was convicted of violating Fla. Stat. § 775.21(5)(d), which is not part of SORA, but is instead part of the Florida Sexual Predators Act, Fla. Stat. § 775.21. The specific provision of the FSPA under which Erickson was convicted, § 775.21(5)(d), applies to persons who have been convicted of sex crimes in other states. It requires those persons to register as sex offenders when they establish a permanent residence in Florida. The FSPA then references the procedure set forth in Fla. Stat. § 943.0453, which is part of SORA. Although the actual registration procedure that Erickson should have followed was set forth in SORA, he is not arguing that the registration procedure was constitutionally defective. Instead, Erickson is arguing that principles of due process require that a Florida court alert him of the need to register as a sex offender before he can be prosecuted for failing to do so.

That argument is unpersuasive. The FSPA does not provide for a formal hearing to advise a person who was previously convicted of a sex crime that he

8

needs to register as a sexual offender. See Fla. Stat. § 775.21(5)(d). Because Erickson was convicted of a sex crime in California before he moved to Florida, he was required by the FSPA to register when he established a permanent residence in Florida. Furthermore, the transcript of his sentence hearing demonstrates that Erickson was advised when he was released from a federal correctional facility in 1999 that he was required to register as a sex offender. At a minimum, that advice put Erickson on notice that he had been designated as a sex offender and needed to register as one. Therefore, the district court correctly determined that Erickson did not state a valid claim for relief under § 2254.

C.

The next issue is whether the district court erred in finding that Erickson failed to state a federal claim when he argued that the state court's jury instructions in the first FSPA case expanded the trial court's jurisdiction in violation of his due process rights. More specifically, Erickson argues that the jury instructions: (1) were incomplete and inaccurate; (2) denied the theory of his defense by (a) not requiring the jury to find beyond a reasonable doubt that he had committed the felonies for which he was designated a sex offender and (b) not requiring the jury to determine the specific date when he established a permanent residence in Florida; and (3) denied him his right to a fair trial.

We have held that errors in state jury instructions are federal constitutional

9

issues only where they render the entire trial fundamentally unfair.  Jones v. Dugger, 888 F.2d 1340, 1343 (11th Cir. 1989).  Where the claim is merely that a jury instruction was incorrect under state law, federal habeas relief is not available.  Estelle v. McGuire, 502 U.S. 62, 71–72, 112 S. Ct. 475, 481–82 (1991).

Erickson has not shown how the state court's jury instructions rendered his trial fundamentally unfair.  In his § 2254 petition, Erickson cited an excerpt of the jury instruction that was given, and it shows that the court's instruction did require the jury to find that Erickson committed a qualifying sex offense.  In addition, Erickson's brief concedes (1) that the state submitted evidence of his prior convictions, and (2) that the trial court included Florida's statutory definition of the phrase "establishing a residence" within its jury instruction.  A jury instruction is not rendered unconstitutional simply because it is not the jury instruction requested by the defendant.  Therefore, Erickson has not met his burden on this issue.

D.

The final issue in the COA is whether the state court lacked jurisdiction to accept his guilty plea in the third case, the one in which he was charged with violating the FSPA for failing to register as a sex offender between July 8, 2002 and November 20, 2002.  As we have already noted, the state court found that Erickson's failure to resister as a sex offender between October 1997 and February

10

2002 constituted a single, continuous criminal act. Erickson argues that if we accept the state court's construction of the FSPA as providing for a continuous offense, then we must likewise accept his argument that the state violated the Double Jeopardy Clause and principles of collateral estoppel by bringing a second charge against him for failing to register as a sex offender between July 8, 2002 and November 20, 2002.

However, as the state court pointed out during Erickson's sentence hearing, the state did not bring the second FSPA charge against Erickson until after he persisted in his failure to register even after he had been arrested and charged in the first case. Moreover, unlike the first case, in which Erickson was convicted by a jury, Erickson pleaded guilty in the third case. Erickson has never challenged the validity of the plea agreement. As we have noted, a defense based on the Double Jeopardy Clause is waived by guilty plea. Dermota v. United States, 895 F.2d 1324, (11th Cir. 1990) ("[Defendant] waived his right to raise a double jeopardy objection by pleading guilty to two separate offenses as a result of a plea agreement he entered into freely, voluntarily and accompanied by his attorney."). Therefore, the district court correctly found that Erickson was not entitled to habeas relief on this issue.

**AFFIRMED.**

11