FILED
United States Court of Appeals
Tenth Circuit

April 4, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TIMOTHY RAY BELVIN,

        Petitioner – Appellant,

v.

MIKE ADDISON, Warden,

        Respondent – Appellee.

No. 13-7069
(No. 6:10-CV-00145-RAW-KEW)
(E.D. Okla.)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **HARTZ**, **GORSUCH**, and **PHILLIPS**, Circuit Judges.

Timothy Belvin , a state prisoner in Oklahoma, filed a pro se petition under 28 U.S.C. § 2254 seeking habeas corpus relief from his convictions for six child sexual assault and exploitation charges on which he is serving a life sentence. In his petition, Belvin raised four grounds for relief: (1) a state statute-of-limitations bar; (2) insufficient evidence; (3) ineffective assistance of counsel; and (4) a violation of the Eighth Amendment. The district court adopted the magistrate's report, denying Belvin relief on each ground. Now Belvin seeks a certificate of appealability ("COA") from us to undo this decision.

A COA is a jurisdictional prerequisite to this court's review of a § 2254 petition. 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We may issue a

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Court Rule 32.1.

COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2). To make that showing, a petitioner must demonstrate that reasonable jurists could debate whether his petition should have been resolved differently. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Even viewing the pleadings before us generously, Belvin does not give us reason to debate the district court's careful analysis. Thus, we deny his request for a COA and dismiss this appeal.

We first define our standard of review. Belvin argues that we should review his claims de novo because the state court rendered summary opinions without reasoned analysis. We're governed here by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Generally, under AEDPA, we apply a deferential standard of review: petitioners are entitled to relief only if they can show that the state court's resolution of their claims was "contrary to, or involved an unreasonable application of clearly established Federal law," or represented "an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). But the deferential AEDPA standard does not apply where a state court fails to address a petitioner's claim on the merits. *See Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999).

Here, the state court did address the merits of Belvin's claims, even if it did not give extensive reasoning for its conclusions. The claims Belvin presents in his § 2254 petition were addressed in two orders from the Oklahoma Court of Criminal Appeals ("OCCA"). The first was a summary opinion in response to Belvin's direct appeal, in which the court offered a one-paragraph response to each of Belvin's claims. The second was an order affirming denial of post-conviction relief, in which the OCCA quickly disposed of

Belvin's ineffective-assistance-of-appellate-counsel claim. The OCCA's orders certainly could have been more robust, but we apply AEDPA's deferential standard of review if "a state court gives any indication that it addressed all of a petitioner's federal constitutional" claims, "even where the state court eschews the far preferable treatment of explaining the underlying reasoning of the decision." *Le v. Mullin*, 311 F.3d 1002, 1011 n.2 (10th Cir. 2002) (internal quotation marks omitted). As such, the district court was right to apply AEDPA's deferential standard of review to the state court decisions. *See Aycox*, 196 F.3d at 1177 ("Since we have an adjudication on the merits, we must consider what it means to defer to a decision which does not articulate a reasoned application of federal law to determined facts. We conclude . . . that we owe deference to the state court's *result*, even if its reasoning is not expressly stated."). Having set the standard of review, we address each of Belvin's four grounds for relief.

**Ground 1: Statute of Limitations**

In his § 2254 petition, Belvin first argued that his convictions on Count 3 (Child Sexual Abuse) and Count 8 (Lewd Molestation) were barred by the applicable Oklahoma statutes of limitations. The district court rejected these claims in part because it said claims regarding the statute of limitations are state-law claims that are not cognizable on habeas review. As it applies to this case, we find that conclusion is beyond dispute. A petitioner cannot assert a claim under § 2254 for a violation of state procedure unless it infringes a specific federal constitutional protection. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Dockins v. Hines*, 374 F.3d 935, 940 (10th Cir. 2004) ("Federal habeas courts will not . . . review issues of purely state law."). Belvin invokes his due process

rights, but a state's misapplication of its own statute of limitations does not violate federal due process per se. *See Loeblein v. Dormire*, 229 F.3d 724, 726 (8th Cir. 2000); *Erickson v. Secretary for Dept. of Corrections*, 243 F. App'x 524, 527 (11th Cir. 2007); *Wilson v. Mitchell*, 250 F.3d 388, 396–97 (6th Cir. 2001); *see also Burns v. Lafler*, 328 F.Supp.2d 711, 719 (E.D. Mich. 2004) (collecting cases). Even if a misapplication occurred here, which we do not find, Belvin gives us no reason to believe it violated his federal due process rights. Thus, we deny Belvin's COA request on this issue.

**Ground 2: Insufficient Evidence**

Next, Belvin argued that the evidence was insufficient to sustain a conviction for Count 8 (Lewd Molestation). The applicable statute makes it a felony for any person to knowingly and intentionally "[l]ook upon, touch, maul, or feel the body or private parts of any child under sixteen (16) years of age in any lewd or lascivious manner" if the person is at least three years older than the victim. Okla. Stat. tit. 21, § 1123(A)(2); *see Hilton v. Workman*, No. 07-149, 2007 WL 2498786 *3 n.2 (W.D. Okla. Aug., 30, 2007) (enumerating the elements of § 1123(A)(2)). According to the Oklahoma Uniform Jury Instructions, the words "lewd" and "lascivious" have the same meaning and signify "conduct which is lustful and which evinces an eagerness for sexual indulgence." *Id.*

Belvin argues that the prosecution did not establish that he touched the victim in a lewd or lascivious manner. Among other things, the victim testified that Belvin touched her genital area with a vibrator when she was ten years old making her feel uncomfortable. Examining the evidence in the light most favorable to the prosecution, the magistrate's report, which was adopted by the district court, found that "any rational trier

- 4 -

of fact could have found the essential elements of the crime beyond a reasonable doubt." R. vol. 1, at 152 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). It thus concluded that "the [Oklahoma Court of Criminal Appeals] determination of this claim was not contrary to, or an unreasonable application of federal law, and the decision was not based on an unreasonable determination of the facts presented in the state court proceeding. 28 U.S.C. § 2254(d)." *Id.* We agree and deny Belvin's COA request on this issue.

**Ground 3: Ineffective Assistance**

In his § 2254 petition, Belvin also argued that his trial counsel, Timothy Haney, rendered constitutionally ineffective assistance. He said Haney (1) wrongly advised him to waive his right to trial by jury, (2) failed to raise applicable statutes of limitations, and (3) failed to secure the written recantation of a state witness. We review this claim according to the familiar two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, "[a] petitioner must show that counsel's performance was deficient." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003). Second, a petitioner must show that counsel's deficiency "prejudiced the defense." *Id.* The magistrate's report agreed with the OCCA's conclusion that Belvin had failed to establish both prongs on any one claim.

First, the OCCA found that Belvin's decision to waive a jury trial was not the result of ineffective assistance of counsel. The district court carefully reviewed the record and concluded that the OCCA's decision on this issue was consistent with federal law and not based on an unreasonable determination of the facts. In his COA request, Belvin points to his own testimony at the evidentiary hearing that "he always wanted more than one

person to decide his fate and he did not understand the consequences of the waiver." *See* Petitioner's Application for a Certificate of Appealability 6, Dec. 30, 2013, CM/ECF No. 10136836. Then he goes on to argue that the deficiency prejudiced his defense. These arguments do not call into question the district court's careful analysis. Thus, we deny Belvin's COA request on this issue.

Next, as to Belvin's claim of ineffective assistance based on a failure to raise the statutes of limitations,  the district court found that Belvin's attorney was not ineffective because Count 3 (Child Sexual Abuse) and Count 8 (Lewd Molestation) were brought within their respective limitations periods and failure to raise a meritless argument does not constitute ineffective assistance of counsel. *See Martin v. Kaiser*, 907 F.2d 931, 936 (10th Cir. 1990). We agree.

As for Count 8, the state charged Belvin with Lewd Molestation of his niece occurring in 1996 to 1997. In 1997, the limitations period for Lewd Molestation was five years from discovery of the crime. Okla. Stat. tit. 22 § 152 (1997 Supp.). Lewd Molestation has been discovered "when any person (including the victim) other than the wrongdoer or someone in pari delicto with the wrongdoer has knowledge of both (i) the act and (ii) its criminal nature." *State v. Day*, 882 P.2d 1096, 1098 (Okla. Crim. App. 1994).

Belvin offers no evidence in his § 2254 petition or on appeal showing when the criminal nature of the acts alleged in Count 8 was discovered. In his § 2254 petition, he simply asserted that the charge was untimely because the statute of limitations was five years. The OCCA found that because the limitations period ran from discovery (rather

- 6 -

than commission) of the crime, Belvin was not entitled to relief. The magistrate agreed. He accepted the state's unrebutted assertion that the criminality of the acts was not discovered until 2004 when the victim became aware of the wrongfulness of Belvin's actions and reported them to law enforcement. The criminal case against Belvin was initiated in 2004.

Our review of the record indicates that, in fact, the victim testified that the alleged acts occurred in 2000, in which case the charge was brought within five years of the commission and discovery of the crime.[1] Regardless, Belvin offers no evidence showing that the state did not bring Count 8 within five years of the discovery of the criminal nature of the acts. As such, he has not shown that by failing to assert a statute-of-limitations defense as to Count 8 his counsel's performance was deficient.

As for Count 3, before November 1, 2000, the statute of limitations for Child Sexual Abuse was three years. *See Cox v. State*, 152 P.3d 244, 249 (Okla. Crim. App. 2006). The statute was amended on November 1, 2000, setting the limitations period at seven years. *Id.*

Count 3 alleged that Belvin required "E.P. to masturbate in the presence of the defendant on numerous occasions" between 1999 and 2004. R. vol. 2, at 60. E.P. was born on May 6, 1987, and he testified that the abuse began when he was 12 years old in a house on Mulberry Street. He said it also occurred in a house on Elm Street, which he moved to between eighth and ninth grade.

---

[1] The victim of the lewd molestation testified that her birthdate was June 5, 1990. And she testified the lewd molestation occurred when she was ten years old.

The OCCA said that "there was evidence presented at trial that [Belvin] committed some of the acts charged in Count III after the effective date of the amended statute of limitations in [Okla. Stat. tit. 22] § 152(C)." R. vol. 1, at 102. The magistrate's report found support for the OCCA's conclusion. Assuming that the victim hadn't skipped grades in school, it reasoned that the victim would have been 14 years old at the end of eighth grade, which would have been in 2001. As such, it concluded, Belvin committed some of the acts charged in Count 3 after November 1, 2000—the effective date of the amended statute of limitations.

In his COA request, Belvin argues the district court's finding that some of the abuse occurred in 2001 is wrong because it assumes evidence not in the record, namely, that the victim had a normal progression in school. But we're reviewing for ineffective assistance of counsel, and we maintain a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. If the victim completed grades of school a year or more faster than her peers, and thus counsel should have raised a statute-of-limitations defense, it's Belvin's burden to provide that evidence. The district court's reasonable assumption explains why Belvin's attorney did not raise a statute-of-limitations defense and it explains why the state court concluded that "there was evidence presented at trial that [Belvin] committed some of the acts charged in Count III after the effective date of the amended statute of limitations." R. vol. 1, at 102. Without more from Belvin, we cannot say that the state court's conclusion that Count 3 was timely brought is wrong, and thus, he has not shown that his counsel was ineffective for failing to raise the issue.

Finally, we agree with the district court that Belvin failed to show prejudice based on his counsel's failure to secure a written recantation of state's witness, E.P., who was Belvin's victim as charged in multiple counts of conviction. To establish *Strickland*'s prejudice component, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694. Here, the jury was presented with the fact that E.P. recanted, as well as his explanation for the recantation. Despite the recantation, the jury believed E.P.'s testimony about Belvin's criminal acts. Belvin has not shown that putting the recantation in writing would have changed the outcome of the trial.

**Ground 4: The Eighth Amendment**

Finally, in his § 2254 petition, Belvin argued that the concurrent life sentences he received on Count 3 (Child Sexual Abuse) and Count 7 (Child Sexual Exploitation) were excessive, in violation of the Eighth Amendment. The magistrate's report cited *United States v. O'Driscoll*, 761 F.2d 589, 599 (10th Cir. 1985), for the proposition that "[t]he imposition of a severe sentence, within legal limits, is not error." R. vol. 1, at 157. Then it denied relief because it said Belvin's sentences were within statutory limits, citing Okla. Stat. tit. 10, § 7115 (Child Sexual Abuse) and Okla. Stat. tit. 10, § 7115(G) (Child Sexual Exploitation). Belvin does not meaningfully address this reasoning in his application for a COA, and we discern no error.

Based on the foregoing, we deny a certificate of appealability and dismiss this appeal.

ENTERED FOR THE COURT


Gregory A. Phillips
Circuit Judge