**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 15, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANTIONE DIRAY JOHNSON,

　　　Petitioner - Appellant,

v.

ROBERT PATTON, Director,

　　　Respondent - Appellee.

No. 15-6173
(D.C. 5:14-CV-01263-C)
(W.D. Oklahoma.)

_____

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **LUCERO** and **McHUGH**, Circuit Judges.
_____

　　　Petitioner-Appellant Antione Diray Johnson, an Oklahoma state prisoner proceeding pro se, seeks a certificate of appealability (COA) under 28 U.S.C. § 2253(c)(1)(A) to appeal the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Because he is proceeding pro se, we construe Mr. Johnson's filings liberally, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), but "our role is not to act as his advocate," *Gallagher v. Shelton*, 587 F.3d 1063, 1067

_____

　　　* This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(10th Cir. 2009).[1] Before filing his § 2254 petition, Mr. Johnson unsuccessfully appealed his convictions and sentences for armed robbery to the Oklahoma Court of Criminal Appeals (OCCA). He also filed two subsequent applications for post conviction relief in the state courts, both of which were denied by the state trial court and the OCCA.

In denying Mr. Johnson's § 2254 petition, the district court adopted in its entirety and over Mr. Johnson's objections the magistrate judge's thorough, well-reasoned Supplemental Report and Recommendation (the Report). The district court then construed Mr. Johnson's notice of appeal as a request for a COA, which it denied. Exercising our jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253(a), we now also deny Mr. Johnson's application for a COA and dismiss his appeal.

## I. BACKGROUND

After Mr. Johnson waived his right to a jury, the state court held a bench trial and found Mr. Johnson guilty of five counts of Robbery with a Dangerous Weapon. Noting that Mr. Johnson had two prior felony convictions, the state trial court sentenced him to five consecutively running sentences of imprisonment, the longest of which was for thirty-five years. In his Report, the magistrate judge provides a detailed description of the

_____

[1] In his pro se Opening Brief, Mr. Johnson argues that the magistrate judge failed to construe his § 2254 petition liberally and that it was therefore dismissed contrary to *Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Our review of the Report and Recommendation, however, convinces us that even though the magistrate judge did not cite *Hall* or specifically state that he was construing the § 2254 petition liberally, he nevertheless afforded Mr. Johnson the liberal construction required of pro se litigants' filings. For example, the magistrate judge referred to Mr. Johnson's pro se status in solicitously interpreting his opaque arguments. *See, e.g.*, *Johnson v. Patton*, No. CIV-14-1263-C, 2015 U.S. Dist. LEXIS 112323, at *14–*16 (W.D. Okla. Aug. 11, 2015).

2

trial proceedings and the evidence supporting Mr. Johnson's conviction. *See Johnson v. Patton*, No. CIV-14-1263-C, 2015 U.S. Dist. LEXIS 112323, at \*2–\*14 (W.D. Okla. Aug. 11, 2015). We do not repeat those details here.

## A. *Direct Appeal*

With new counsel, Mr. Johnson appealed his convictions and sentences to the OCCA, arguing (1) his confessions to police about the five robberies—which the trial court had admitted over Mr. Johnson's motion to suppress—were obtained in violation of his constitutional rights, (2) the trial evidence was legally insufficient to convict him as to one of the robberies, (3) the trial court had allowed improper bolstering by admitting police testimony describing victims' identifications of him, despite those victims' own trial testimony to that effect, (4) he was denied effective assistance of counsel at trial on multiple grounds, and (5) cumulative error.

As to his claim that his confessions were obtained in violation of his constitutional rights, Mr. Johnson argued for the first time on direct appeal that his confessions were the fruit of an unlawful, warrantless arrest at his home and were induced by improper promises and thus not voluntary. The OCCA dismissed these and two other constitutional claims relating to his confessions on their merits, finding on plain error review that Mr. Johnson had not been arrested but rather had accompanied police to the station voluntarily, and that the trial court had not abused its discretion in determining that the confessions were voluntary.

As to his claim on direct appeal of ineffective assistance, Mr. Johnson argued trial counsel should have challenged the admission of his confessions on the grounds that his

warrantless arrest was unconstitutional, his statements were not voluntary because they were coerced by improper promises of leniency, and trial counsel should have objected to the improper bolstering of witnesses' identifications. The OCCA addressed these claims on their merits, analyzing them under the standard mandated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The OCCA held Mr. Johnson could not show prejudice from trial counsel's failure to raise the first two issues because the record did not show a warrantless arrest and because Mr. Johnson's will was not overborne by any tempered promises of leniency. As to the bolstering claim, the OCCA found that although the trial court had erred in allowing the officers' testimony, "because [the two witnesses] made unwa[]vering and unchallenged in-court identifications that were based on ample opportunity to view [Mr.] Johnson, the bolstering was harmless." Accordingly, the OCCA affirmed the convictions and sentences.

### B.  First Application for Post Conviction Relief

Mr. Johnson then filed an application in state court for post conviction relief under state procedural rules. He raised eleven grounds for post conviction relief. The state trial court thoroughly analyzed Mr. Johnson's claims, which primarily alleged appellate counsel had been ineffective, and found Mr. Johnson had failed to show he had been prejudiced by appellate counsel's allegedly deficient performance, as required by *Strickland*. The OCCA affirmed in a detailed opinion.

### C.  Second Application for Post Conviction Relief

Mr. Johnson filed a second application for post conviction relief, claiming procedural defects had deprived the state trial court of jurisdiction over his criminal trial.

4

He also alleged ineffective assistance of appellate counsel for failing to raise these issues on direct appeal. The state trial court found these claims had been procedurally defaulted because Mr. Johnson had not shown sufficient reason for failing to raise them on direct appeal or in his first post conviction application. The OCCA affirmed based on both res judicata and procedural default.

### D. Habeas Appeal

In his § 2254 petition and brief, Mr. Johnson reasserted claims he had previously raised on direct appeal and in the applications for post conviction relief. Specifically, Mr. Johnson alleged that (1) the OCCA's resolution of his Fourteenth Amendment claims was contrary to clearly established law, (2) his confessions should have been suppressed, (3) the trial evidence was insufficient to convict him for one of the robberies, (4) the trial court improperly allowed bolstering testimony by prosecution witnesses, and (5) he was denied effective assistance of trial and appellate counsel. Mr. Johnson also sought an evidentiary hearing pursuant to 28 U.S.C. § 2254(e)(2).

The magistrate judge carefully reviewed the procedural posture of each of Mr. Johnson's claims and concluded the state trial court and OCCA had considered each claim on the merits or had appropriately determined that the claims were procedurally defaulted on independent and adequate state law grounds. As a result, the magistrate judge recommended that Mr. Johnson's petition for habeas relief be denied on all claims previously raised on direct appeal and in the first application for post conviction relief because Mr. Johnson had not shown that the state courts' denial of these claims on the merits was contrary to or unreasonably applied controlling Supreme Court precedent. The

5

magistrate judge also recommended that the federal habeas proceedings not consider claims raised for the first time in Mr. Johnson's second application for post conviction relief, which the state trial court and the OCCA had found were procedurally defaulted, because Mr. Johnson had not shown sufficient cause for the procedural default or prejudice arising therefrom, or that a fundamental miscarriage of justice would occur if these claims were not addressed. *Johnson*, 2015 U.S. Dist. LEXIS 112323, at \*42–\*45. But the magistrate judge did not expressly address Mr. Johnson's motion for an evidentiary hearing pursuant to 28 U.S.C. § 2254(e)(2).

Mr. Johnson filed an Objection to the magistrate judge's Report, which simply reiterated arguments he had previously asserted. The district court adopted the magistrate judge's Report in its entirety, denying Mr. Johnson's § 2254 petition and, subsequently, his request for a COA.

In his combined Opening Brief and Application for a Certificate of Appealability, Mr. Johnson raises many of the same issues he has raised at the various previous stages of this litigation. Mr. Johnson first argues the magistrate judge misconstrued his Fourteenth Amendment claim for illegal arrest by treating it as a Fourth Amendment claim and dismissing it based on *Stone v. Powell*, 428 U.S. 465, 494 n.37 (1976) (holding that a state prisoner may not obtain federal habeas review of a Fourth Amendment claim where a state court has provided "an opportunity for a full and fair litigation of that claim"). Aplt. Br. 10–11. Even if the bar adopted in *Stone* applies, he argues the state trial court did not afford him a full and fair hearing. *Id.* at 12. Mr. Johnson next renews his various ineffective assistance of appellate counsel claims, arguing the OCCA applied the

6

wrong standard in affirming the denial of these claims, *id.* at 11, 15, ineffective assistance of counsel claims cannot be procedurally defaulted or "waived" (as phrased by Mr. Johnson), *id.* at 5, 8–9, and that most of his claims have never been considered on the merits, *id.* at 10–11. Mr. Johnson also continues to argue that the "jurisdictional issues" he raised in his second application for post conviction relief could not be procedurally defaulted. *Id.* at 9, 16. Finally, he again seeks an evidentiary hearing pursuant to 28 U.S.C. § 2254(e)(2).

## II.    DISCUSSION

A state prisoner must obtain a COA as a jurisdictional prerequisite to challenge a federal district court's denial of habeas corpus relief. 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). And we will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this burden as to claims decided on their merits in state court, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). For claims found to be barred by procedural default in state court, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* But we limit our review of an application for a COA to "an overview of the claims in the

7

habeas petition and a general assessment of their merits" rather than "full consideration of the factual or legal bases adduced in support of the claims." *Miller-El*, 537 U.S. at 336.

### A. *Claims in the Habeas Petition and Appeal*

Mr. Johnson need not show his appeal will succeed to be entitled to a COA, but he must "prove something more than the absence of frivolity or the existence of mere good faith." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (internal quotation marks omitted)). We hold that he cannot meet this standard.

The magistrate judge found that all of Mr. Johnson's claims except those raised for the first time in his second application for post conviction relief had been analyzed on their merits by the OCCA and therefore evaluated them under the deferential framework required by the Antiterrorism and Effective Death Penalty Act (AEDPA). *See Harrington v. Richter*, 562 U.S. 86, 98 (2011) ("By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (2)."). Under AEDPA, Mr. Johnson is entitled to federal habeas relief only if he can show that the state court decisions on the merits of his claims were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). "Subsection (d)(1) governs claims of legal error while subsection (d)(2) governs claims of factual error." *House v. Hatch*, 527 F.3d 1010, 1015 (10th Cir. 2008). In applying AEDPA, federal courts must "ensure a level of deference to the determinations of state courts, provided those determinations did not

8

conflict with federal law or apply federal law in an unreasonable way." *Williams v.*

*Taylor*, 529 U.S. 362, 386 (2000). And state-court findings of fact are presumed correct

and entitled to deference. 28 U.S.C. § 2254(e)(1).

## 1. Fourteenth Amendment claim for unlawful arrest

In consideration of Mr. Johnson's pro se status, the magistrate judge construed his

Fourteenth Amendment claim for unlawful arrest as a Fourth Amendment claim arising

from Mr. Johnson's allegations that he was unlawfully arrested in his home without a

warrant. Aplt. Br. 10; *see Johnson v. Patton*, No. CIV-14-1263-C, 2015 U.S. Dist. LEXIS

112323, at *14 (W.D. Okla. Aug. 11, 2015) ("Because Petitioner is proceeding *pro se*,

the undersigned has assumed that Petitioner is presenting the same Fourth Amendment

claim here that he presented in subproposition A of ground one in his direct appeal."). As

a result, Mr. Johnson argues his Fourteenth Amendment claim has never been addressed

on the merits. He further contends that when properly considered under the Fourteenth

Amendment, his claim that his confession should have been suppressed due to his

unlawful arrest is not barred by *Stone v. Powell*, 428 U.S. 465, 492–94 (1976) (holding

that the purpose of the exclusionary rule would not be furthered if a state prisoner could

obtain federal habeas review of a Fourth Amendment claim that had been fully and fairly

litigated in state court).

But "[t]he period of time between an unlawful arrest and the institution of legal

process forms one constitutional claim, arising under the Fourth Amendment" and cannot

be brought under the Fourteenth Amendment, which only applies to "[t]he period of time

between the institution of [formal legal] process and its favorable termination—through

acquittal, habeas corpus, voluntary dismissal, etc." *Mondragón v. Thompson*, 519 F.3d 1078, 1083 (10th Cir. 2008). Mr. Johnson claims he was arrested without probable cause before he was transported to the station and that his confession was obtained as a result of this unlawful arrest. The OCCA's consideration of this claim under the Fourth Amendment analysis is consistent with this circuit's precedent because all of the actions of which he complains occurred before the institution of formal legal process. *See id.* And because the OCCA decided this claim on the merits, the magistrate judge properly applied AEDPA deference, finding Mr. Johnson had not shown the state courts' merits decisions were contrary to or an unreasonable application of Supreme Court precedent, particularly *Stone*, or were based on an unreasonable determination of the facts in light of the evidence in the trial record. *Johnson*, 2015 U.S. Dist. LEXIS 112323, at *22; *cf.* 28 U.S.C. § 2254(d)(1)–(2).

The magistrate judge similarly recommended denying habeas review of Mr. Johnson's claims that the evidence was insufficient to convict him of one of the five robberies and that the trial court erred in allowing the State to bolster eye-witness testimony. Like the Fourth Amendment claim, the OCCA had rejected both of these claims on the merits. Thus, Mr. Johnson can succeed in obtaining a COA only by showing that the state courts' decisions on their merits failed under AEDPA's highly deferential standard. For substantially the same reasons stated by the magistrate judge, *id.* at *17–*34, we hold the state courts' merits review of these claims was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "based on an unreasonable

10

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). "If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *Richter*, 562 U.S. at 102 (reversing the Ninth Circuit for failing to accord required deference to the decision of a state court). Mr. Johnson's repeated conclusory statements that the state courts' analysis was clearly contrary to Supreme Court precedent fail to make this showing.

## 2. Ineffective assistance of counsel

Mr. Johnson also seeks a COA on his ineffective assistance of appellate counsel claims. To prevail on an ineffective assistance of counsel claim, a petitioner must show that "counsel's performance was deficient" and "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Although the *Strickland* test addresses both deficient performance[2] and prejudice, the Tenth Circuit permits "proceed[ing] directly to the issue of prejudice" where that will dispose of the issue. *Castro v. Ward*, 138 F.3d 810, 832 (10th Cir. 1998).[3] "Moreover, when evaluating an

_____

[2] Appellate counsel's performance may be found constitutionally deficient if it can be shown that "counsel's performance fell below an objective standard of reasonableness as measured against prevailing professional norms, and . . . that there is a reasonable probability that the outcome would have been different but for counsel's inadequate performance." *Sandoval v. Ulibarri*, 548 F.3d 902, 909 (10th Cir. 2008).

[3] *See also Brewer v. Reynolds*, 51 F.3d 1519, 1523 (10th Cir. 1995) ("The Supreme Court has observed that often it may be easier to dispose of an ineffectiveness claim for lack of prejudice than to determine whether the alleged errors were legally deficient." (internal quotation marks omitted)); *Strickland v. Washington*, 466 U.S. 668,

11

ineffective assistance of counsel claim under § 2254(d)(1), our review is 'doubly deferential.' We defer to the state court's determination that counsel's performance was not deficient and, further, defer to the attorney's decision in how best to represent a client." *Crawley v. Dinwiddie*, 584 F.3d 916, 922 (10th Cir. 2009) (internal citation omitted) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)). "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Knowles*, 556 U.S. at 123 (internal quotation marks omitted).

### a. *Claims considered by the state courts on the merits*

The magistrate judge concluded the OCCA had reviewed Mr. Johnson's ineffective assistance of trial and appellate counsel claims on the merits under the *Strickland* test and found neither constitutionally deficient representation nor prejudice resulting from counsels' assistance. *Johnson*, 2015 U.S. Dist. LEXIS 112323, at *34–*41. Relying on *Cargle v. Mullin*, 317 F.3d 1196 (10th Cir. 2003), Mr. Johnson argues the OCCA applied the wrong standard in its merits review of his ineffective assistance of counsel claims. Aplt. Br. 11, 15. In *Cargle*, we held the OCCA had impermissibly added a third element to a Sixth Amendment claim of ineffective assistance of appellate counsel by requiring proof of an improper motive for counsel's deficient performance. *Id.* at 1202–05. But the OCCA did not do that here. Instead, as the magistrate judge noted, the

_____

697 (1984) ("[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.").

12

OCCA properly applied the *Strickland* two-part test in affirming the state trial court's own application of *Strickland* in finding that counsel's performance did not prejudice Mr. Johnson. And Mr. Johnson does not make any showing that the OCCA's determination that counsels' performance was not constitutionally deficient and did not prejudice him was an unreasonable application of that *Strickland* standard. *See Knowles*, 556 U.S. at 123. Accordingly, we deny Mr. Johnson a COA as to these claims.

b. *Ineffective assistance claim not considered on its merits*

Despite Mr. Johnson's insistence that virtually none of his ineffective assistance claims were considered on the merits below, Aplt. Br. 10–11, we have identified only one that seems to have been overlooked. In considering Mr. Johnson's first application for post conviction relief, the state trial court identified Mr. Johnson's propositions II, V, VII, VIII, X, and XI as having been raised and reviewed on the merits in his direct appeal. But our review of the record reveals that Mr. Johnson's proposition X, a claim for ineffective assistance of trial counsel for failing to procure a transcript of the preliminary hearing for use at trial, was not in fact raised on direct appeal. Instead, Mr. Johnson raised this claim initially in his first application for post conviction relief, arguing that appellate counsel was ineffective by not raising on direct appeal a claim that trial counsel had been constitutionally ineffective by not having the transcript of the preliminary hearing available. This ineffective assistance of appellate counsel, argued Mr. Johnson, was cause excusing a procedural default that would otherwise occur as a result of failing to raise the ineffective assistance of trial counsel claim on direct appeal. And because the state trial court inadvertently grouped this particular claim with those that had been addressed on

their merits in the direct appeal, neither the trial court nor the OCCA addressed this claim for ineffective assistance of appellate counsel on its merits in reviewing the first application for post conviction relief.

"When state courts have not adjudicated a petitioner's claim on the merits, the AEDPA standards do not apply; instead, we review questions of law de novo and questions of fact for clear error." *Cook v. McKune*, 323 F.3d 825, 830 (10th Cir. 2003). Because Mr. Johnson alleges that appellate counsel mishandled an issue on direct appeal by failing to raise trial counsel's ineffectiveness in failing to obtain a transcript of the preliminary hearing for use at trial, we must perform the following analysis in applying *Strickland*:

> When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, we first examine the merits of the omitted issue. If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. If the issue has merit, we then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial.

*Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999) (citation omitted). Nevertheless, although "[a] claim of appellate ineffectiveness can be based on counsel's failure to raise a particular issue on appeal," we note that "it is difficult to show deficient performance under those circumstances because counsel 'need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal.'" *Cargle*, 317 F.3d at 1202 (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)).

14

We think it is likely that "the issue is meritless" and thus "its omission will not constitute deficient performance," *id.*, particularly in light of the scant explanation in any of Mr. Johnson's filings of how the absence of a transcript prejudiced him. This is true even construing Mr. Johnson's pro se filings liberally and assessing "the issue relative to the rest of the appeal" giving "deferential consideration . . . to any professional judgment involved in its omission" as required under *Strickland* and its progeny. *Id.* Mr. Johnson fails to offer any explanation of how a preliminary hearing transcript might have rebutted the compelling evidence of guilt, including Mr. Johnson's own confessions and the witnesses' testimony at trial identifying Mr. Johnson as one of the robbers. *See Johnson*, 2015 U.S. Dist. LEXIS 112323, at *2–*10 (reviewing the extensive evidence of guilt). Accordingly, because he cannot show prejudice, Mr. Johnson's single claim for ineffective assistance of counsel that was not reviewed on the merits in the state courts also fails under *Strickland*.

### 3. Procedurally defaulted claims

"We will not consider issues on habeas review that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Smallwood v. Gibson*, 191 F.3d 1257, 1268 (10th Cir. 1999) (internal quotation marks omitted). Nevertheless, Mr. Johnson argues the "jurisdictional issues"[4] he raised for the first time

_____

[4] Mr. Johnson claims the state trial court lost jurisdiction (1) by operation of Rules 4(E) and 9(b) in the Civil Procedure Rules for District Courts of Oklahoma, (2) by failing to conduct a probable cause hearing within forty-eight hours of the alleged arrest, and (3)

15

in his second application for post conviction relief cannot be procedurally defaulted. Aplt. Br. 9, 16.[5]

In making this argument, Mr. Johnson first equates an alleged failure of the State to comply with two Oklahoma rules of civil procedure with the expiration of a statute of limitations.[6] *Id.* Mr. Johnson alleges the State filed an opposition brief out of time (Rule 4(E)) and failed to prosecute diligently (former Rule 9(b)), and that these alleged violations divested the state trial court of jurisdiction over Mr. Johnson's criminal trial. He also claims a probable cause hearing was impermissibly delayed and the state court committed constitutional violations. But even if all of these allegations were true, it would not deprive the state court of jurisdiction over Mr. Johnson's criminal trial.

_____

by virtue of the state trial court's alleged violations of Mr. Johnson's constitutional and fundamental rights.

[5] Contrary to Mr. Johnson's arguments, *Cargle v. Mullin*, 317 F.3d 1196, 1202–05 (10th Cir. 2003), did not hold that ineffective assistance of appellate counsel claims cannot ever be procedurally defaulted or "waived." In fact, the Supreme Court has explicitly held that "an ineffective-assistance-of-[appellate] counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted." *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). *Edwards* explained that, based on the "the interplay between exhaustion and procedural default," the purposes of the exhaustion requirement would be frustrated "were we to allow federal review to a prisoner who had presented his claim to the state court, but in such a manner that the state court could not, consistent with its own procedural rules, have entertained it." *Id.* This is exactly what Mr. Johnson did here—he admitted in his second application for post-conviction relief and several subsequent filings, including in federal court, that he raised issues in his second post-conviction application that had not been included in his first application for post-conviction relief in the hope they would be considered exhausted in state court as a prerequisite for seeking federal habeas relief.

[6] Even if these procedural rules did carry the force of a statute of limitations, "a state's misapplication of its own statute of limitations does not violate federal due process per se." *Belvin v. Addison*, 561 F. App'x 684, 686 (10th Cir. 2014).

Accordingly, the claims do not implicate the trial court's subject matter jurisdiction and can be procedurally barred.

As the magistrate judge noted, AEDPA "strictly limits a federal court's ability to consider issues on habeas review that the state court deemed procedurally barred." *Johnson*, 2015 U.S. Dist. LEXIS 112323, at \*42 (quoting *Hammon v. Ward*, 466 F.3d 919, 925 (10th Cir. 2006)). "It is well established that federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment." *Cone v. Bell*, 556 U.S. 449, 465 (2009) (internal quotation marks omitted). "A state ground will be considered adequate only if it is strictly or regularly followed and applied evenhandedly to all similar claims." *Smallwood*, 191 F.3d at 1268 (internal quotation marks omitted). This ensures "the States' interest in correcting their own mistakes is respected in all federal habeas cases." *Coleman v. Thompson*, 501 U.S. 722, 732 (1991).

Because Mr. Johnson first raised these claims in his second application for post conviction relief, they are not properly exhausted and are procedurally barred. *See Cone*, 556 U.S. at 465 ("[C]onsistent with the longstanding requirement that habeas petitioners must exhaust available state remedies before seeking relief in federal court, we have held that when a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review."). We have previously held that under Oklahoma law "the waiver rule for claims not previously raised" is

"regularly and even-handedly applied by the state courts." *Smallwood*, 191 F.3d at 1269 n.8. Therefore we agree with the magistrate judge that the OCCA "relied on an independent and adequate state ground" in finding the claims Mr. Edwards raised for the first time in his second post conviction application procedurally defaulted, "including his claim of a due process deprivation due to the state court's failure to conduct a probable cause hearing within [forty-eight] hours of his alleged warrantless arrest." *Johnson*, 2015 U.S. Dist. LEXIS 112323, at *42–*43.

Mr. Johnson has not coherently argued cause for his procedural default or prejudice arising therefrom (in light of the evidence on which he was convicted at trial), or shown a fundamental miscarriage of justice arising from any of his procedurally defaulted claims. Accordingly, for substantially the same reasons stated by the magistrate judge and adopted by the district court, we deny Mr. Johnson a COA on these claims.

### B. Request for 28 U.S.C. § 2254(e)(2) Evidentiary Hearing

Finally, Mr. Johnson again seeks an evidentiary hearing pursuant to 28 U.S.C. § 2254(e)(2). The magistrate judge did not directly address this aspect of Mr. Johnson's § 2254 petition and brief.

AEDPA does not allow us to grant Mr. Johnson an evidentiary hearing where he "has failed to develop the factual basis of a claim in State court proceedings" unless his claims rely on either "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or "a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A)(i)–(ii). Additionally, Mr. Johnson must show that

"the facts underlying the claim[s] would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Id.* § 2254(e)(2)(B). As the Supreme Court has noted, "a failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432 (2000).

Mr. Johnson's § 2254 petition and brief and his combined appellate brief and application for a COA are replete with conclusory allegations that the state trial court interfered with his opportunity for a full and fair hearing on his case. However, he fails to identify the facts he believes a § 2254(e)(2) evidentiary hearing would prove or how that evidence could establish by clear and convincing evidence that, but for a constitutional error, no reasonable factfinder would have convicted him of the five robberies to which he confessed. We therefore deny Mr. Johnson's application for a COA on the issue of his request for an evidentiary hearing under 28 U.S.C. § 2254(e)(2).

## III.   CONCLUSION

Because Mr. Johnson has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a COA and dismiss this appeal.

ENTERED FOR THE COURT


Carolyn B. McHugh
Circuit Judge

19