**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANTIONE DIRAY JOHNSON,

     Petitioner - Appellant,

v.

ROBERT PATTON,

     Respondent - Appellee.

No. 17-6158
(D.C. No. 5:17-CV-00346-C)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **MATHESON**, and **PHILLIPS**, Circuit Judges.
_____

     Antione Diray Johnson, an Oklahoma state prisoner proceeding pro se, seeks a

certificate of appealability (COA) to appeal the district court's dismissal of his

unauthorized second or successive 28 U.S.C. § 2254 petition for lack of jurisdiction.  He

also seeks leave to proceed in forma pauperis (IFP).  We deny a COA and IFP and

dismiss the appeal.

     Johnson was convicted of armed robbery, and his convictions and sentences were

affirmed by the Oklahoma Court of Criminal Appeals.  His applications for

post-conviction relief in the state courts were unsuccessful.  His previous § 2254 petition

---

     [*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

was denied by the district court, and this court denied his application for a COA. *Johnson v. Patton*, 634 F. App'x 653, 655 (10th Cir. 2015). Johnson's current § 2254 petition was dismissed for lack of jurisdiction because it was successive. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until this court has granted the required authorization.").

To obtain a COA, Johnson must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Johnson makes no argument as to how the district court erred in dismissing his unauthorized second or successive § 2254 petition for lack of jurisdiction. Because reasonable jurists could not debate that the district court was correct in its procedural ruling dismissing the petition, we deny a COA and dismiss this matter.

Accordingly, we deny Johnson's request for a COA. We also deny his motion to proceed IFP.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

2