**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 27, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANTIONE DIRAY JOHNSON,

    Plaintiff - Appellant,

v.

ANDY MOON,

    Defendant - Appellee.

No. 22-6001
(D.C. No. 5:21-CV-00401-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.[**]
_____

Antione Diray Johnson appeals the denial of two motions that he filed after the

district court dismissed his complaint as untimely. Exercising jurisdiction under 28

U.S.C. § 1291, we affirm.

**BACKGROUND**

In September 2010, Johnson was convicted on five counts of robbery with a

dangerous weapon. From 2012 to 2016, he filed three motions for post-conviction

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

relief in Oklahoma state court, each of which was denied. He appealed those denials to the Oklahoma Court of Criminal Appeals, which affirmed.

Johnson also sought relief in federal court. In November 2014, he petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. His petition was denied, so he sought a certificate of appealability ("COA") in this court, which we denied. *Johnson v. Patton*, 634 F. App'x 653 (10th Cir. 2015). Johnson filed a second habeas petition in 2017, but that was also denied. And he again requested a COA, which we denied. *Johnson v. Patton*, 698 F. App'x 564 (10th Cir. 2017).

Johnson filed this action in April 2021. He sought to compel testimony from United States Marshal Andy Moon, who Johnson alleged was at the scene during the arrest that led to his robbery convictions. Johnson believed that Moon's testimony might help him establish grounds to re-open his habeas petitions.

Moon was served with Johnson's complaint in July 2021 but never answered it. In October 2021, the magistrate judge screened Johnson's complaint and recommended that it be dismissed without prejudice as untimely. The district judge adopted that recommendation in December 2021, except that he dismissed the complaint with prejudice. He entered a final judgment on the same day.

Johnson subsequently filed two motions, one to enforce a judgment for a specific act under Federal Rule of Civil Procedure 70, and one for leave to file a supplemental pleading under Rule 15(d) (collectively, the "Post-Judgment Motions"). In the latter, Johnson argued that Moon's failure to answer his original complaint created a new claim that had "a substantial (ancillary effect) on the untimely claim

originally pleaded which . . . creates a different tolling [effect for the statute of] limitations." R. Vol. 1 at 83. And through his Rule 70 motion, Johnson asked the court to hold Moon in contempt for failing to answer his original complaint. In December 2021, the district court denied the Post-Judgment Motions. Johnson now appeals.

## DISCUSSION

On appeal, Johnson doesn't challenge the dismissal of his original complaint as untimely. His brief doesn't address the issue, and he conceded that his complaint was untimely in his motion to file a supplemental pleading. *See* R. Vol. 1 at 82 ("Plaintiff[] acknowledges [that] his original claim[] . . . has run its two-year limitation period.").

Johnson does challenge the district court's denial of his motion to supplement. We review the denial of that motion for abuse of discretion. *Duncan v. Manager, Dep't of Safety, City and Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). Leave to file a supplemental pleading "should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants." *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001) (citation omitted). But whether to permit leave falls within the trial court's sound discretion. *Id.*

The thrust of Johnson's supplemental pleading is that he was harmed by Moon's failure to answer his complaint before the magistrate judge screened and dismissed it. But the magistrate judge acted appropriately in screening Johnson's complaint when it did. Under 28 U.S.C. § 1915A(a), a court is tasked with reviewing

3

a prisoner's complaint "before docketing, if feasible or, in any event, as soon as practicable after docketing." If the court determines that a complaint is frivolous or fails to state a claim, it must dismiss that complaint. 28 U.S.C. § 1915A(b)(1). And under § 1915(e)(2), a court must dismiss a case "at any time" if it determines that the case is frivolous or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). The Supreme Court has clarified that "[a]ll this may take place before any responsive pleading is filed." *Jones v. Bock*, 549 U.S. 199, 213 (2007).

Johnson's implicit view—that defendants should have to answer before screening occurs—conflicts with the Prison Litigation Reform Act's goal of efficiently filtering out non-meritorious claims. *See Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) ("The clear import of the Prison Litigation Reform Act . . . is to curtail meritless prisoner *litigation*."). We thus conclude that the district court did not abuse its discretion in denying Johnson's motion to supplement.[1]

We review the denial of Johnson's Rule 70 motion for abuse of discretion. *Analytical Eng'g, Inc. v. Baldwin Filters, Inc.*, 425 F.3d 443, 449 (7th Cir. 2005). On appeal, Johnson doesn't explain how the district court abused its discretion. That alone is grounds to decline considering the issue. *See Dubbs v. Head Start, Inc.*, 336

---

[1] We also deny Johnson's "Motion to Amend Supplemental Complaint 15(d)." He filed that motion during this appeal to add a claim for punitive damages. But Johnson didn't request punitive damages before the district court, so he waived the issue on appeal. *See Wilburn v. Mid-South Health Dev.*, 343 F.3d 1274, 1281 (10th Cir. 2003) ("An issue is waived if it was not raised below in the district court."). Johnson was warned of this when he filed this appeal. *See* Op. Br. at 1 ("New issues raised for the first time on appeal generally will not be considered. An appeal is not a retrial but rather a <u>review</u> of the proceedings in the district court.").

F.3d 1194, 1219 (10th Cir. 2003) ("This Court has held that issues will be deemed waived if they are not adequately briefed on appeal.") (quotations omitted). At any rate, the district court did not abuse its discretion because "Rule 70 gives the district court a discrete and limited power *to deal with parties who thwart final judgments* by refusing to comply with orders to perform specific acts." *Analytical Eng'g,* 425 F.3d at 449 (emphasis added). The district court's final judgment merely dismissed Johnson's complaint with prejudice. Moon hasn't thwarted that judgment in any way.

## CONCLUSION

The district court's order is affirmed. Separately, we grant Johnson's motion to proceed on appeal in forma pauperis. But we remind him that he must still pay the fees that are associated with this appeal in full, through partial payments under 28 U.S.C. § 1915.

Entered for the Court

Gregory A. Phillips
Circuit Judge